**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEWMONT CORPORATION and NEWMONT GHANA GOLD LIMITED, <br>               Plaintiffs, <br>     v. <br><br> AMERICAN INTERNATIONAL GROUP UK LIMITED; MUNCHENER RUCKVERSICHERUNGS-GESELLSCHAFT; SCOR SE; SWISS REINSURANCE COMPANY LIMITED; STARR INTERNATIONAL (EUROPE) LIMITED; ZURICH AMERICAN INSURANCE COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. B0180ME2222520; CANOPIUS CORPORATE CAPITAL LIMITED, SUBSCRIBING TO POLICY NO. B0180ME2218821; HISCOX DEDICATED CORPORATE MEMBER LIMITED, SUBSCRIBING TO POLICY NO. B0180ME2218751; and LLOYD'S UNDERWRITER SYNDICATE NO. 0382 HDU SUBSCRIBING TO POLICY NO. B0180ME2218783, <br>               Defendants. | Civil Action No.: 1:24-cv-05298 (MMG) <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |

Defendants American International Group UK Limited ("AIG UK"); Munchener Ruckversicherungs-Gesellschaft ("Munich Re"); SCOR SE ("SCOR SE"); Swiss Reinsurance Company Limited ("Swiss Re"); Starr International (Europe) Limited ("SIEL"); Zurich American Insurance Company ("Zurich"); Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0180ME2222520 ("Talbot"); Canopius Corporate Capital Limited, subscribing to Policy No. B0180ME2218821 ("Canopius"); Hiscox Dedicated Corporate Member Limited, subscribing to Policy No. B0180ME2218751 ("Hiscox"); and Lloyd's Underwriter Syndicate No. 0382 HDU subscribing to Policy No. B0180ME2218783 ("Syndicate No. 0382 HDU") (collectively, the "Reinsurers"), by and through their undersigned attorneys, Mound Cotton

Wollan & Greengrass LLP, answer the Amended Complaint filed by Plaintiffs, Newmont Corporation and Newmont Ghana Gold Limited, as follows:

With respect to any paragraph of the Complaint containing a footnote or photograph, Reinsurers' response to that paragraph in the Answer also constitutes Reinsurers' response to the accompanying footnote or photograph and Reinsurers deny knowledge or information sufficient to form a belief as to the truth or authenticity of the accompanying photograph contained in any paragraph of the Complaint and on that basis deny each and every such allegation.

## AS TO THE PRELIMINARY STATEMENT

1.      Reinsurers deny the allegations contained in Paragraph 1 of the Amended Complaint, except admit, upon information and belief, that on or about July 20, 2023, Newmont Corporation notified its insurance broker that on June 14, 2023, during a scheduled shut down for maintenance activities, Ahafo South, Ghana mine personnel identified damage to one of the Line 1 SAG girth gear segments (the "Gear").

2.      Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint, except admit, upon information and belief, that the Gear is a mechanism associated with a mill used to process ore, and that the mill itself was not damaged.

3.      Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint, except admit, upon information and belief, that actions were taken at the Ahafo South, Ghana mine to address the purported damage to the Gear and the potential impact on processing operations.

4.      Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint, except admit,

upon information and belief, that Newmont Ghana Gold Limited swapped out the damaged Gear for another gear at the mill in order to continue operations at a reduced capacity.

5.      Reinsurers deny the allegations in Paragraph 5 of the Amended Complaint, except admit that Newmont Corporation purchased property insurance coverage from its captive insurer, Newmont Goldcorp Insurance Company Inc ("NGICI"), and Reinsurers, via a structured property insurance program, are retrocessionaires of NGICI, and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in:   A.   The 2022-2023 local Activa International Insurance ("Activa") policy (Policy No. AARA4056124) covering insured property at the Ahafo South, Ghana mine, and issued to Newmont Goldcorp and Newmont Ghana Gold Limited for the purported Gear loss (the "Local Activa Ghana Policy"); B. The 2022-2023 NGICI wording attached as Exhibit 1 to the Amended Complaint (the "Exhibit 1 Wording"); C.  The representative Exhibit 2, 2022-2023 Market Reform Contract of Defendant Reinsurer Canopius to the Amended Complaint; and D. each of the Defendant Reinsurers' separate and individual written 2022-2023 Market Reform Contracts ("Market Reform Contracts") issued to NGICI, as the Reinsured.

6.      Reinsurers deny the allegations contained in Paragraph 6 of the Amended Complaint, except admit that only the Local Activa Ghana Policy responds to the Gear loss, and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions contained in the Local Activa Ghana Policy.

7.      Reinsurers deny the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Reinsurers deny the allegations contained in Paragraph 8 of the Amended Complaint, except admit that Plaintiffs wrote a letter dated April 29, 2024 to independent

adjuster, Charles Taylor Adjusting ("CTA") (working on behalf of NGICI and Defendant Reinsurers) and respectfully refer the Court to the letter for an accurate reading of its contents. Reinsurers further admit that on April 30, 2024, CTA provided Newmont Corporation with copies of two of their reports.

9.      Reinsurers deny the allegations contained in Paragraph 9 of the Amended Complaint, except admit that Activa sent a letter dated May 9, 2024 to Plaintiffs and respectfully refers the Court to the letter for an accurate reading of its contents.

10.      Reinsurers deny the allegations contained in Paragraph 10 of the Amended Complaint, except admit that a meeting was held on June 14, 2024 between Plaintiffs' and CTA's respective metallurgist experts regarding the root cause of the Gear loss.

11.      Reinsurers deny the allegations contained in Paragraph 11 of the Amended Complaint.

12.      Reinsurers deny the allegations contained in Paragraph 12 of the Amended Complaint, except admit that the Local Activa Ghana Policy contains a Mining Claims Protocol and respectfully refer the Court to the terms and conditions of the Mining Claims Protocol ("Mining Claims Protocol").

13.      Reinsurers deny the allegations contained in Paragraph 13 of the Amended Complaint, except admit that the Local Activa Ghana Policy contains a Mining Claims Protocol and respectfully refer the Court to the terms and conditions of the Mining Claims Protocol.

14.      Reinsurers deny the allegations contained in Paragraph 14 of the Amended Complaint.

## AS TO THE PARTIES

15.     Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Reinsurers deny the allegations set forth in Paragraph 17 of the Amended Complaint, except Reinsurer AIG UK admits that it is a Private Limited company that is incorporated in the United Kingdom, with a principal place of business in the United Kingdom.

18.     Reinsurers deny the allegations set forth in Paragraph 18 of the Amended Complaint, except Reinsurer Munich Re admits that it is a German Public Limited Company, with a principal place of business in Germany.

19.     Reinsurers deny the allegations set forth in Paragraph 19 of the Amended Complaint, except Reinsurer SCOR SE admits that it is a European Company (Societas Europaea) incorporated in France, with its principal place of business in France.

20.     Reinsurers deny the allegations set forth in Paragraph 20 of the Amended Complaint, except Reinsurer Swiss Re admits that it is a company duly formed under the laws of Switzerland, with a principal place of business in Switzerland.

21.     Reinsurers deny the allegations set forth in Paragraph 21 of the Amended Complaint, except Reinsurer SIEL admits that it is a Private limited Company that is domiciled in the United Kingdom.

22.     Reinsurers deny the allegations set forth in Paragraph 22 of the Amended Complaint, except Reinsurer Zurich admits that it is a New York corporation, with a principal place of business in Illinois.

23.    Reinsurers deny the allegations set forth in Paragraph 23 of the Amended Complaint, except Reinsurer Talbot admits that Lloyd's Syndicate 1183 TAL is a member underwriter that subscribes to Market Reform Contract No. B0180ME2222520, and further admits that Lloyd's Syndicate 1183 TAL's sole member is Talbot 2002 Underwriting Capital Ltd., and that Talbot 2002 Underwriting Capital Ltd. is a Private limited Company formed under the laws of the United Kingdom, with a principal place of business in the United Kingdom.

24.    Reinsurers deny the allegations set forth in Paragraph 24 of the Amended Complaint, except Reinsurer Canopius admits that Canopius Corporate Capital Ltd. is a member underwriter subscribing to Market Reform Contract No. B0180ME2218821, and further admits that Canopius Corporate Capital Ltd. is a Private limited Company formed under the laws of England and Wales, with a principal place of business in the United Kingdom.

25.    Reinsurers deny the allegations set forth in Paragraph 25 of the Amended Complaint, except Reinsurer Hiscox admits that Hiscox Dedicated Corporate Member Limited is a member underwriter subscribing to Market Reform Contract No. B0180ME2218751, and further admits that Hiscox Dedicated Corporate Member Limited is a Private limited Company formed under the laws of the United Kingdom, with a principal place of business in the United Kingdom.

26.    Reinsurers deny the allegations set forth in Paragraph 26 of the Amended Complaint, except Reinsurer Syndicate No. 0382 HDU admits that it is a member underwriter subscribing to Market Reform Contract No. B0180ME2218783 and further admits that Lloyd's Underwriter Syndicate No. 0382 HDU's sole member is Hardy Underwriting Limited, and that Hardy Underwriting Limited is a Private limited Company formed under the laws of the United Kingdom, with a principal place of business in the United Kingdom.

## AS TO JURISDICTION AND VENUE

27.     Paragraph 27 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that a response is deemed necessary, Reinsurers admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

28.     Paragraph 28 of the Amended Complaint states legal conclusions to which no response is required.  To the extent that a response is deemed necessary, Reinsurers admit that venue is proper in this Court.

29.     Reinsurers deny the allegations contained in Paragraph 29 of the Amended Complaint. To the extent Paragraph 29 purports to characterize provisions in the Defendant Reinsurers' Market Reform Contracts, Reinsurers deny the completeness and accuracy of such characterizations and respectfully refers the Court to the terms, conditions, limitations, and exclusions contained in the Market Reform Contracts.

## AS TO FACTUAL ALLEGATIONS

I.      **AS TO NEWMONT'S AHAFO SAG MILL**

30.     Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint, except admit that Newmont Ghana Gold Limited operates SAG mills at the Ahafo South, Ghana mine, including the SAG Mill Line 1.

33.     Reinsurers deny the allegations contained in Paragraph 33 of the Amended Complaint, except admit, upon information and belief, that Plaintiffs contend that they discovered damage to the Gear on or about June 14, 2023.

## II. AS TO THE SHUTDOWN OF SAG MILL LINE 1 AND NEWMONT'S RESULTING PROPERTY AND FINANCIAL LOSSES

34.     Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint, except admit, upon information and belief, that Newmont Ghana Gold Limited ordered a new girth gear.

37.     Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint, but deny there is a covered business interruption loss as alleged in the Amended Complaint.

38.     Reinsurers deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint.

## III.    AS TO THE PROPERTY INSURANCE PROGRAM

### A. As To The Program's Structure

39.     Reinsurers deny the allegations contained in Paragraph 39 of the Amended Complaint.

#### 1. As To Newmont's Coverage Under the Master Policy and Insurers' Slips

40.     Reinsurers deny the allegations contained in Paragraph 40 of the Amended Complaint, except admit that only the Local Activa Ghana Policy is contractually obligated to

respond directly to the Gear loss, and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the applicable contracts.

41.    Reinsurers deny the allegations contained in Paragraph 41 of the Amended Complaint, except admit that only the Local Activa Ghana Policy is contractually obligated to respond directly to the Gear loss, and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the applicable contracts.

42.    Reinsurers deny the allegations contained in Paragraph 42 of the Amended Complaint, except admit that only the Local Activa Ghana Policy is contractually obligated to respond directly to the Gear loss, and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the applicable contracts.

43.    Reinsurers deny the allegations contained in Paragraph 43 of the Amended Complaint, and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the applicable contracts.

44.    Reinsurers deny the allegations contained in Paragraph 44 of the Amended Complaint, and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the applicable contracts.

## 2.  As To Newmont's Coverage With Activa In Ghana

45.    Reinsurers deny the allegations contained in Paragraph 45 of the Amended Complaint, except admit that only the Local Activa Ghana Policy, as part of the Newmont Corporation's 2022-2023 property insurance program, is contractually obligated to respond directly to the Gear loss.

46.    Reinsurers deny the allegations contained in Paragraph 46 of the Amended Complaint, except admit that: (1) only the Local Activa Ghana Policy, as part of the Newmont

Corporation's 2022-2023 property program, is contractually obligated to respond directly to the Gear loss; and (2) under the separate and individual Market Reform Contracts Reinsurers act as reinsurers to NGICI.  Reinsurers respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Program Wording, as well as other written contracts for Newmont Corporation's 2022-2023 property insurance program.

47.     Reinsurers deny the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Reinsurers deny the allegations contained in Paragraph 48 of the Amended Complaint, and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the applicable contracts.

**B.  As To The Master Policy's Machinery Breakdown Coverage**

49.     Reinsurers deny the allegations contained in Paragraph 49 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for machinery breakdown and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

50.     Reinsurers deny the allegations contained in Paragraph 50 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for machinery breakdown and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

51.     Reinsurers deny the allegations contained in Paragraph 51 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for machinery breakdown and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

52.     Reinsurers deny the allegations contained in Paragraph 52 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for machinery breakdown and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

53.     Reinsurers deny the allegations contained in Paragraph 53 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for machinery breakdown and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

54.     Reinsurers deny the allegations contained in Paragraph 54 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for machinery breakdown and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

55.     Reinsurers deny the allegations contained in Paragraph 55 of the Amended Complaint.

**C.  As To The Master Policy's Property Damage Coverage**

56.     Reinsurers deny the allegations contained in Paragraph 56 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for property damage and respectfully refer the Court to the terms, conditions, limitations, and exclusions in the Local Activa Ghana Policy.

57.     Reinsurers deny the allegations contained in Paragraph 57 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for property damage and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

58.     Reinsurers deny the allegations contained in Paragraph 58 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for property damage and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

59.     Reinsurers deny the allegations contained in Paragraph 59 of the Amended Complaint.

### D.  As To The Master Policy's Business Interruption Coverage

60.     Reinsurers deny the allegations contained in Paragraph 60 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for Time Element Coverage that includes Business Interruption and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

61.     Reinsurers deny the allegations contained in Paragraph 61 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for Time Element Coverage that includes Business Interruption and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

62.     Reinsurers deny the allegations contained in Paragraph 62 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for Time Element Coverage that includes Business Interruption and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

63.     Reinsurers deny the allegations contained in Paragraph 63 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for Time Element Coverage that includes Business Interruption and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

64.     Reinsurers deny the allegations contained in Paragraph 64 of the Amended Complaint, except admit that one of the coverages under the Local Activa Ghana Policy is for Time Element coverage that includes Extra Expense and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

65.     Reinsurers deny the allegations contained in Paragraph 65 of the Amended Complaint.

**E.  As To The Master Policy's Mining Claims Protocol**

66.     Reinsurers deny the allegations contained in Paragraph 66 of the Amended Complaint, except admit that the Local Activa Ghana Policy includes a Mining Claims Protocol and respectfully refer the Court to the terms and conditions of this provision.

67.     Reinsurers deny the allegations contained in Paragraph 67 of the Amended Complaint, except admit that the Local Activa Ghana Policy includes a Mining Claims Protocol and respectfully refer the Court to the terms and conditions of this provision.

68.     Reinsurers deny the allegations contained in Paragraph 68 of the Amended Complaint, except admit that the Local Activa Ghana Policy includes a Mining Claims Protocol and respectfully refer the Court to the terms and conditions of this provision.

69.     Reinsurers deny the allegations contained in Paragraph 69 of the Amended Complaint, except admit that the Local Activa Ghana Policy includes a Mining Claims Protocol and respectfully refer the Court to the terms and conditions of this provision.

70.     Reinsurers deny the allegations contained in Paragraph 70 of the Amended Complaint, except admit that the Local Activa Ghana Policy includes a Mining Claims Protocol and respectfully refer the Court to the terms and conditions of this provision.

71.      Reinsurers deny the allegations contained in Paragraph 68 of the Amended Complaint, except admit that the Local Activa Ghana Policy includes a Mining Claims Protocol and respectfully refer the Court to the terms and conditions of this provision.

**F.  As To The Master Policy's Forum, Choice of Law, and Payment Provisions**

72.      Reinsurers deny the allegations contained in Paragraph 72 of the Amended Complaint and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

73.      Reinsurers deny the allegations contained in Paragraph 73 of the Amended Complaint, except admit that only the Local Activa Ghana Policy is contractually obligated to respond directly to the Gear loss, and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the applicable contracts.

74.      Reinsurers deny the allegations contained in Paragraph 74 of the Amended Complaint, except admit that only the Local Activa Ghana Policy is contractually obligated to respond directly to the Gear loss, and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the applicable contracts.

**IV.   AS TO THE INSURERS' FAILURE TO TIMELY ADJUST THE CLAIM AND REFUSAL TO ACKNOWLEDGE COVERAGE**

75.      Reinsurers deny the allegations contained in Paragraph 75 of the Amended Complaint, except admit that Newmont Corporation provided notice of a Gear claim on or about July 20, 2023.  Reinsurers further admit that Activa, under the Local Activa Ghana policy and Ghanaian regulations, appointed RCH Loss Adjuster Limited as the local Ghana loss adjuster to assess the Gear loss and claim, and that Charles Taylor Adjusting ("CTA") was appointed as the loss adjuster pursuant to the Mining Claims Protocol contained in the Local Activa Ghana Policy.

76.     Reinsurers deny the allegations contained in Paragraph 76 of the Amended Complaint, except admit that CTA issued a Preliminary Report on or about August 15, 2023.

77.     Reinsurers deny the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Reinsurers deny the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Reinsurers deny the allegations contained in Paragraph 79 of the Amended Complaint, except admit that the Local Activa Ghana Policy includes a Mining Claims Protocol and respectfully refer the Court to the terms and conditions of this provision.

80.     Reinsurers deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Reinsurers deny the allegations contained in Paragraph 81 of the Amended Complaint, except admit that Newmont Corporation wrote to CTA on April 29, 2024 and submitted a Proof of Loss to Activa under the Local Activa Ghana Policy, with bank account details for Newmont Ghana Gold Limited, a named insured under the Local Activa Ghana Policy to be paid $191,620,488, and respectfully refer the Court to the letter and Proof of Loss for an accurate reading of their contents.

82.     Reinsurers deny the allegations contained in Paragraph 82 of the Amended Complaint, except admit that on April 30, 2024, CTA sent copies of two reports to Newmont Corporation. Reinsurers further admit, upon information and belief, that Activa issued a letter to Newmont Ghana Gold Limited dated May 9, 2024.

83.     Reinsurers deny the allegations contained in Paragraph 83 of the Amended Complaint, except admit that Plaintiffs submitted a Proof of Loss on April 29, 2024 and, upon

information and belief, that Activa issued a letter addressed to Newmont Gold Corporation and Newmont Ghana Gold Limited dated May 8, 2024 and respectfully refer the Court to the letter for an accurate reading of its contents.

84.     Reinsurers deny the allegations contained in Paragraph 84 of the Amended Complaint, except admit that CTA issued a letter to Newmont Corporation on May 24, 2024.

85.     Reinsurers deny the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Reinsurers deny the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Reinsurers deny the allegations contained in Paragraph 87 of the Amended Complaint, except admit, upon information and belief, that Activa, under the Local Activa Ghana Policy, reserved its rights with respect to certain policy exclusions in its May 8, 2024 and May 9, 2024 letters and respectfully refer the Court to the two letters for an accurate reading of their contents.

88.     Reinsurers deny the allegations contained in Paragraph 88 of the Amended Complaint, except admit, upon information and belief, that Activa issued a letter dated September 5, 2024 to Newmont Ghana Gold Limited advising that the Local Activa Ghana Policy is not liable for the Gear loss, and respectfully refer the Court to the letter for an accurate reading of its contents.

89.      Reinsurers deny the allegations contained in Paragraph 89 of the Amended Complaint, except admit that only the Local Activa Ghana Policy is contractually obligated to respond directly to the Gear loss and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

90.    Reinsurers deny the allegations contained in Paragraph 90 of the Amended Complaint, except admit that only the Local Activa Ghana Policy is contractually obligated to respond directly to the Gear loss and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

91.    Reinsurers deny the allegations contained in Paragraph 91 of the Amended Complaint, except admit that only the Local Activa Ghana Policy is contractually obligated to respond directly to the Gear loss and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

92.    Reinsurers deny the allegations contained in Paragraph 92 of the Amended Complaint, except admit that only the Local Activa Ghana Policy is contractually obligated to respond directly to the Gear loss and respectfully refer the Court to the terms, conditions, limitations, definitions, and exclusions in the Local Activa Ghana Policy.

93.    Reinsurers deny the allegations contained in Paragraph 93 of the Amended Complaint.

## AS TO THE FIRST CAUSE OF ACTION
### (Breach of Contract)

94.    In response to the allegations contained in Paragraph 94 of the Amended Complaint, Reinsurers restate and reincorporate their responses to Paragraphs 1 through 93 of the Amended Complaint as if fully set forth herein.

95.    Reinsurers deny the allegations contained in Paragraph 95 of the Amended Complaint.

96.    Reinsurers deny the allegations contained in Paragraph 96 of the Amended Complaint.

97.     Reinsurers deny the allegations contained in Paragraph 97 of the Amended Complaint.

98.     Reinsurers deny the allegations contained in Paragraph 98 of the Amended Complaint.

99.     Reinsurers deny the allegations contained in Paragraph 99 of the Amended Complaint.

100.    Reinsurers deny the allegations contained in Paragraph 100 of the Amended Complaint.

**AS TO THE SECOND CAUSE OF ACTION**
**(Anticipatory Breach of Contract)**

101.    In response to the allegations contained in Paragraph 101 of the Amended Complaint, Reinsurers restate and reincorporate their responses to Paragraphs 1 through 100 of the Amended Complaint as if fully set forth herein.

102.    Reinsurers deny the allegations contained in Paragraph 102 of the Amended Complaint.

103.    Reinsurers deny the allegations contained in Paragraph 103 of the Amended Complaint.

104.    Reinsurers deny the allegations contained in Paragraph 104 of the Amended Complaint.

105.    Reinsurers deny the allegations contained in Paragraph 105 of the Amended Complaint.

106.    Reinsurers deny the allegations contained in Paragraph 106 of the Amended Complaint.

107.     Reinsurers deny the allegations contained in Paragraph 107 of the Amended Complaint.

108.     Reinsurers deny the allegations contained in Paragraph 108 of the Amended Complaint.

## AS TO THE THIRD CAUSE OF ACTION
### (Declaratory Judgment)

109.     In response to the allegations contained in Paragraph 109 of the Amended Complaint, Reinsurers restate and reincorporate their responses to Paragraphs 1 through 108 of the Amended Complaint as if fully set forth herein.

110.     Reinsurers deny the allegations contained in Paragraph 110 of the Amended Complaint.

111.     Reinsurers deny the allegations contained in Paragraph 111 of the Amended Complaint.

112.     Reinsurers deny the allegations contained in Paragraph 112 of the Amended Complaint.

113.     Reinsurers deny the allegations contained in Paragraph 113 of the Amended Complaint.

114.     Reinsurers deny the allegations contained in Paragraph 114 of the Amended Complaint.

115.     Reinsurers deny the allegations contained in Paragraph 115 of the Amended Complaint.

116.     Reinsurers deny the allegations contained in Paragraph 116 of the Amended Complaint.

## REINSURERS' AFFIRMATIVE DEFENSES

117.    Reinsurers, by way of further answer and defense, allege and state as follows without assuming any burden of proof or persuasion that they do not have under applicable law:

### FIRST DEFENSE

118.    The Amended Complaint fails to state claim upon which relief can be granted.

### SECOND DEFENSE

119.    Plaintiffs have failed to add a necessary party, Activa, who issued the Local Activa Ghana Policy that responds to the purported Gear loss.

### THIRD DEFENSE

120.    The claims and allegations asserted by Plaintiffs are subject to dismissal based upon a lack of contractual privity with the Reinsurers.

### FOURTH DEFENSE

121.    Plaintiffs' claims are barred as there is no contractual cut-through that allows for a direct action against the Reinsurers.

### FIFTH DEFENSE

122.    The Local Activa Ghana Policy and the Exhibit 1 Wording both provide:

**SECTION I: PROPERTY**
* * *
**2. PERILS INSURED**

This Section of the Policy insures against;

> all risks of direct physical loss of or damage to Property Insured hereunder (including, general average, salvage, and all other charges on shipments covered hereunder) occurring during the period of this Policy howsoever caused, except as may be hereinafter specifically excluded.

123.    Reinsurers deny that the Exhibit 1 Wording is applicable to the Gear loss.

124.    Plaintiffs are not entitled to recover under the Local Activa Ghana Policy and Exhibit 1 Wording (to the extent it is found to apply) for any loss or damage other than direct physical loss or damage to Property Insured that occurs during the policy period.

125.    Accordingly, there is no compensable loss for any alleged damage that occurred before the effective date of the term of coverage.

### SIXTH DEFENSE

126.    The Local Activa Ghana Policy and Exhibit 1 Wording both contain the following relevant exclusion:

**SECTION I: PROPERTY**

**1. PROPERTY AND OPERATIONS INSURED**
* * *
**3. EXCLUSIONS**

The Insurers hereunder shall not be liable for:
* * *
(6) Ordinary wear and tear, rust or oxidation, wet or dry rot, mold, fungi, bacillus, corrosion, inherent vice or latent defect, change in color, texture or finish or any other gradual deterioration unless physical loss or damage not otherwise excluded to Property Insured ensues and then this Policy shall only cover such ensuing loss or damage.

127.    Reinsurers deny that the Exhibit 1 Wording is applicable to the Gear loss.

128.    The Gear loss and claim that is the subject of the Complaint is comprised of loss or damage from ordinary wear and tear and other gradual deterioration.

129.    By reason of the foregoing exclusion, there is no compensable loss under the Local Activa Ghana Policy and the Exhibit 1 Wording (to the extent it is found to apply) for such loss or damage.

## **SEVENTH DEFENSE**

130.    The Local Activa Ghana Policy and the Exhibit 1 Wording both contain the following relevant exclusion:

**SECTION I: PROPERTY**

**1. PROPERTY AND OPERATIONS INSURED**
**\* \* \***
**3. EXCLUSIONS**

The Insurers hereunder shall not be liable for:
\* \* \*
(4)    Cost of making good faulty or defective workmanship, material, construction or design but this exclusion shall not apply to loss (including loss recoverable under any indirect or consequential loss coverage provided by this Policy or by endorsement hereto), or damage resulting from such faulty or defective workmanship, material, construction or design, subject to the following provisions:

(a)    cost of making good is limited to that particular and specific part of the machine, structure, or other property insured hereunder, which is found to be faulty or defective in material, workmanship or design; and

(b)    resultant damage shall include damage to all property insured hereunder, including property which incorporates or includes as integral the particular and specific part;

(c)    resultant damage shall also include damage to the resulting product or the object of any procedure being carried out when such faulty or defective material, workmanship or design occurred.

131.    Reinsurers deny that the Exhibit 1 Wording is applicable to the Gear loss.

132.    To the extent Plaintiffs seek recovery for the Gear loss or damage caused by faulty workmanship, material, construction or design, there is no compensable loss under the Local Activa Ghana Policy and the Exhibit 1 Wording (to the extent it is found to apply) for such loss or damage, except for loss or damage resulting from such faulty or defective workmanship, material, construction or design.

133.    No resulting damage has been identified.

134.    By reason of the foregoing, there is no compensable loss under the Local Activa Ghana Policy and the Exhibit 1 Wording (to the extent it is found to apply) for such Gear loss or damage.

**EIGHTH DEFENSE**

135.    The Local Activa Ghana Policy and the Exhibit 1 Wording both contain a Machinery Breakdown section, which states:

**SECTION II: MACHINERY BREAKDOWN COVERAGE**

**1. PROPERTY DAMAGE INSURING AGREEMENT**

The Insurers shall indemnify the Insured for loss or damage to **Objects** of the Insured and to **Objects** of others in the care, custody or control of the Insured for which the Insured is legally liable, from an **Accident** to an **Object** which occurs during the Policy Period. Such indemnity shall be subject to the conditions, Definitions, Exclusions, and Special Provisions of this Machinery Breakdown Coverage Section and all other Conditions of this Policy which are not in conflict with the provisions of this Section.

\*\*\*
**5. EXCLUSIONS**

This Section of the Policy does not insure:
\*\*\*
(a) (iv) coverage that is provided in Section I: Property of the Policy, regardless of limits that may be available in this Section of the Policy.

136.    The Local Activa Ghana Policy and the Exhibit 1 Wording define "**Object**" in part, as:

SECTION IV: GENERAL CONDITIONS
(APPLICABLE TO ALL SECTIONS)
\* \* \*

3. DEFINITIONS

Words or phrases that appear in bold print (other than titles of clauses and paragraphs) have been given a specific meaning in this Policy and shall bear the specific meaning given to them wherever they may appear in the Policy or any Extensions or Endorsements or supplemental contracts to it:
* * *
G. **Object** shall mean any equipment owned, leased, operated or controlled by the Insured and described below and subject to the exclusions specified herein:

* * *

2. Any mechanical or electrical machine or electrical apparatus used for the generation, transmission or utilization of mechanical or electrical power…

* * *

All whilst at work or rest, whilst dismantled moved or re-erected during normal cleaning, inspection or repair or whilst being tested in accordance with manufacturers recommendations

But **Object** shall not include: ….

137.    The Local Activa Ghana Policy and the Exhibit 1 Wording both define

"**Accident**" as follows:

SECTION IV: GENERAL CONDITIONS
(APPLICABLE TO ALL SECTIONS)
* * *
3. DEFINITIONS
Words or phrases that appear in bold print (other than titles of clauses and paragraphs) have been given a specific meaning in this Policy and shall bear the specific meaning given to them wherever they may appear in the Policy or any Extensions or Endorsements or supplemental contracts to it:
* * *
H. **Accident** shall mean a sudden and accidental breakdown of an **Object**, or a part thereof, whether or not accompanied at the time of its **Occurrence** by physical damage to the **Object** or part thereof that necessitates repair or replacement;

but **Accident** shall not mean:

(i) gradual depletion, gradual deterioration, gradual corrosion or erosion of material;

(ii) wear and tear; …

138.     The girth gear does not constitute an "**Object**" under the Local Activa Ghana Policy and the Exhibit 1 Wording.

139.     Additionally, the Gear loss was not an "**Accident**," as the damage was discovered during routine maintenance and was the result of gradual deterioration and wear and tear that occurred over the lifespan of the Gear.

140.     Reinsurers deny that the Exhibit 1 Wording is applicable to the Gear loss.

141.     By reason of the foregoing, there is no compensable loss under the Local Activa Ghana Policy and the Exhibit 1 Wording (to the extent it is found to apply) for such loss or damage.

## **NINTH DEFENSE**

142.     To the extent that the Exhibit 1 Wording applies (which Reinsurers deny) it provides, in relevant part:

> SECTION IV: GENERAL CONDITIONS
> (APPLICABLE TO ALL SECTIONS)
> * * *
> **17. DIFFERENCE IN CONDITIONS / DIFFERENCE IN LIMITS**
>
> Where there is in existence any Local Policy or Policies effected by, for, or on behalf of the Insured, that have terms and conditions that are more restrictive in meaning or scope than that provided by this Policy, or where such Local Policy(ies) are issued with a Limit of Liability less than that issued by this Policy, the Insurers of this Policy hereby agree that this Policy will provide insurance, subject always to the terms and conditions, exceptions and Limits of this Policy, for the difference in conditions between this Policy and that of the Local Policy(ies) and/or in excess of such terms and/or Limits provided by the Local Policy(ies).
>
> It is further agreed that:

(i) such Local Policy(ies) be maintained in force and effect during the currency of this Policy;

(ii) liability of the Insurers of this Policy shall be limited to the difference between the indemnity provided by such specific Local Policy(ies) and that provided by this Policy;

(iii) liability of the Insurers of this Policy shall in no way be increased by reason of any Contribution provision that may apply to the specific Local Polic(ies);

where a loss occurs giving rise to a claim which is recoverable partly under a Local Policy(ies) and partly under this Policy, the deductible applicable shall apply separately and in proportion to the extent that the loss to each affected Policy bears to the overall loss figure, but the total deductible applied to each loss shall not exceed the amount of the deductible applicable to this Policy.

143.    There is no difference in conditions between the Local Activa Ghana Policy and the Exhibit 1 Wording.

144.    Therefore, as expressly provided in the Difference In Conditions / Difference In Limits section contained in the Exhibit 1 Wording, only the Local Activa Ghana Policy is contractually obligated to respond directly to the Gear loss.

## TENTH DEFENSE

145.    Upon information and belief, Plaintiffs have failed, in whole or in part, to properly and routinely maintain, monitor, service, mitigate, minimize, restore, and avoid the alleged loss and damage to the Gear.

## ELEVENTH DEFENSE

146.    Plaintiffs' claim is barred, in whole or in part, to the extent that the alleged Gear loss(es) or damage(s) claimed by Plaintiffs in this matter had occurred prior to the inception of the applicable Policy.

## TWELFTH DEFENSE

147.    Plaintiffs' request for consequential damages and costs and disbursements as part of its prayer for relief is barred because they are not recoverable or warranted in this action and Plaintiffs have failed to plead sufficient facts, including but not limited to any conduct by Reinsurers to support its demand for consequential damages or disbursements and costs.

## THIRTEENTH DEFENSE

148.    The Local Activa Ghana Policy contains the following provision:

**14. LAW AND JURISDICTION**

All matters which are the subject of dispute under this policy arc to be resolved in Ghana. This Policy shall be governed by and construed in accordance with the laws of Ghana.

149.    Only the Local Activa Ghana Policy is contractually obligated to respond directly to the Gear loss.

150.    Thus, any action by Plaintiffs must take place in Ghana and this action must be dismissed.

## FOURTEENTH DEFENSE

151.    To the extent the Local Activa Ghana Policy or the Exhibit 1 Wording (which Reinsurers deny) are found by the court to respond to the alleged claimed Gear loss, the amounts and types of damages Plaintiffs seek are limited or reduced by the terms, conditions, exclusions and limitations set forth in the Local Activa Ghana Policy or the Exhibit 1 Wording, including but not limited to all applicable deductibles, sub-limits and limits of liability.

## FIFTEENTH DEFENSE

152.    There is no basis or ground for Plaintiffs' second cause of action for anticipatory breach of contract as Activa, under the Local Activa Ghana Policy, issued a "denial" on

September 5, 2024 to Newmont Ghana Gold Limited, which advised that the policy is not liable for the Gear loss.

153.     Accordingly, Plaintiffs' second cause of action should be dismissed.

<u>**SIXTEENTH DEFENSE**</u>

154.     There is no basis or ground for Plaintiffs' third cause of action for a declaratory judgment because there is no privity between Plaintiffs and the Reinsurers.

155.     Reinsurers have no direct contractual relationship with Plaintiffs. The real party in interest is non-party Activa as the Local Activa Ghana Policy responds to the Gear loss at issue.

156.     Accordingly, Plaintiffs' third cause of action should be dismissed.

<u>**SEVENTEENTH DEFENSE**</u>

157.     Reinsurers reserve the right to raise any other defense that cannot now be reasonably asserted or which may become available during future proceedings in this action.

**WHEREFORE**, Reinsurers respectfully request that the Court dismiss Plaintiffs' Amended Complaint and that it award Reinsurers reasonable costs and attorney's fees incurred in the defense of this action, and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
       October 18, 2024

**MOUND COTTON WOLLAN
& GREENGRASS LLP**

By: _/s/ Jeffrey S. Weinstein_
Jeffrey S. Weinstein
Bruce R. Kaliner
Mound Cotton Wollan & Greengrass LLP
One New York Plaza
New York, NY 10004
Tel: (212) 804-4200
jweinstein@moundcotton.com
bkaliner@moundcotton.com
*Attorneys for Defendants*